**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4199**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER O'BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:16-cr-00631-JFA-1)

Submitted: October 23, 2018                    Decided: October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher O'Berry pled guilty, pursuant to a written plea agreement, to theft of government property in excess of $1000 in violation of 18 U.S.C. § 641 (2012). O'Berry was sentenced to 27 months' imprisonment and 3 years of supervised release and ordered to pay restitution of $1,039,981.75. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating his sentence by applying a loss amount of $1,039,981.75, which increased his offense level by 14, U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(H) (2016). Despite notice, O'Berry has not filed a pro se supplemental brief. The Government has declined to file a brief. Finding no error, we affirm.

In the district court, O'Berry raised and then withdrew an objection to the presentence report's calculation of loss amount, and thus he has waived review of this issue. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) ("[W]hen a claim is waived, it is not reviewable on appeal, even for plain error."). As to the reasonableness of his sentence, because O'Berry did not object to his sentence below, our review is for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Berry*, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to

2

argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 51. Only after concluding that a sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record reveals that O'Berry's sentence is reasonable. The district court properly calculated O'Berry's Guidelines range as 30-37 months based on a total offense level of 17 and criminal history category III (4 criminal history points), granted O'Berry's motion for a downward variance by lowering his criminal history category to II, and sentenced him below the advisory Guidelines range and the applicable statutory maximum. The court considered the parties' arguments in sentencing O'Berry and articulated a reasoned basis for O'Berry's sentence grounded in the § 3553(a) factors. O'Berry fails to rebut the presumption of reasonableness accorded his below-Guidelines-range sentence.

In accordance with *Anders* we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform O'Berry in writing, of the right to petition the Supreme Court of the United States for further review. If O'Berry requests

3

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on O'Berry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*